**Alonzo Lee TAYLOR, Plaintiff—
Appellant,**

v.

**Linda L. MELCHING; et al.,
Defendants—Appellees.**

No. 02–16769.

D.C. No. CV–99–04190–MMC.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 19, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

that Taylor alleged that he exhausted to the extent possible on each issue that forms the factual basis for the claims in the SAC. Therefore, the district court's dismissal of the complaint pursuant to 28 U.S.C. § 1915A was in error. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (requiring district court to further examine factual record in light of defendants' burden to raise and prove the absence of exhaustion).

Accordingly, we reverse and remand for the district court to allow the action to proceed unless the district court finds other reasons for dismissal pursuant to 28 U.S.C. § 1915A.

REVERSED AND REMANDED.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

Alonzo Lee Taylor, a California state prisoner, appeals pro se the district court's judgment dismissing his complaint without prejudice and its order denying reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000), we reverse and remand.

The district court incorrectly found that it was clear from the face of Taylor's Second Amended Complaint ("SAC") that he had not fully exhausted his administrative remedies. Both the SAC and the exhibits Taylor submitted to the district court show

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.